FILED

2016 NOV 22 PM 3: 35

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

| | |
|---|---|
| **DEAN A. DEVINE**, Administrator of the Estate of Nicole M. Devine, dec'd.<br>1341 Fox Run #201<br>Willoughby, OH 44094<br><br>    Plaintiff,<br><br>-vs-<br><br>**OFFICER MICHAEL SEVEL**<br>1 Public Square<br>Willoughby, OH 44094<br><br>and<br><br>**OFFICER DAVID A. BURRINGTON**<br>1 Public Square<br>Willoughby, OH 44094<br><br>and<br><br>**OFFICER CHARLES A. KREJSA**<br>1 Public Square<br>Willoughby, OH 44094<br><br>and<br><br>**LIEUTENANT RICHARD T. ASHTON**<br>1 Public Square<br>Willoughby, OH 44094<br><br>and<br><br>**SERGEANT PITTS**<br>1 Public Square<br>Willoughby, OH 44094<br><br>and<br><br>**CITY OF WILLOUGHBY**<br>c/o Thomas G. Lobe, City of Willoughby Law Director<br>1 Public Square<br>Willoughby, OH 44094 | CASE NO: _____<br><br>JUDGE: _____<br><br>**COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS**<br>*(JURY DEMAND ENDORSED HEREON)*<br><br>16CV001989<br>JOHN P O'DONNELL |

and }
}
}
JOHN DOES NO. 1-10, Individually }
and in Their Official Capacity as }
Police Officers/ Detectives }
/Supervisors / In-Charge Officers/ }
Commanders / Patrolmen With the }
City of Willoughby Whose Exact }
Identities Cannot Be Ascertained at
the Present Time

    Defendants.

## INTRODUCTION

Now comes Plaintiff Dean A. Devine, by and through counsel, and for his Complaint against Defendants per 1942 U.S.C. §1983 and §1988, states as follows:

1. In the above-captioned action brought per State and Federal law, Plaintiff alleges, including but not limited to, that the reckless conduct, acts, and failures to act of Defendants placed Nicole M. Devine in physical danger and caused her wrongful death pursuant to R.C. § 2125.01.

## VENUE

2. All proceeding paragraphs are incorporated as if fully re-written herein.

3. Venue is proper in this Court as Plaintiff and at least one of Defendants resides in Lake County, i.e., the county where the balance of the underlying wrongdoing was conducted.

## PARTIES

4. All proceeding paragraphs are incorporated as if fully re-written herein.

5. Plaintiff Dean A. Devine has been appointed Administrator of the Estate of Nicole M. Devine (hereinafter "decedent") by the Lake County Probate Court. *See*

2

Letters of Authority (attached hereto as Ex. 1). Dean A. Devine continues in this capacity to date.

6. At all times relevant to this action Plaintiff Dean A. Devine is/was a resident of the City of Willoughby, County of Lake, and State of Ohio.

7. At all times relevant to this action decedent Nicole M. Devine was a resident of the City of Willoughby, County of Lake, and State of Ohio.

8. Defendant City of Willoughby is a municipal corporation located in the county of Lake, State of Ohio, and at all times relevant to this action employed Defendants Sevel, Burrington, Krejsa, Ashton, Pitts and/or Defendants John Does 1-10 named herein as police officers, and has for its address 1 Public Square, Willoughby, Ohio 44094.

9. At all times relevant hereto, Plaintiff asserts that Defendants acted both inside and outside the course and scope of their employment as police officers for the City of Willoughby.

10. Redress is being sought from Defendants in their official and individual capacities, and it is further alleged that all Defendants were acting under and/or outside color of law and/or pursuant to the policies, customs, and/or usages of the City of Willoughby.

11. At all times relevant herein, Defendant(s) John Does Nos. 1 through 10, (Name and addresses unknown) are believed to be supervisors, commanders, police officers and/or other administrative and/or police department and/or employees of Defendant City of Willoughby whose identity(ies), despite reasonable diligence, cannot be ascertained and/or discovered by Plaintiff at the present time, but whom, through

3

written discovery and/or deposition, may become known as being persons properly included as Defendants in this case.

12. In addition to any other theory of liability that might pertain to Defendants, any and all misconduct of Defendants is imputed to his/their employers and/or principals and/or masters; to wit the City of Willoughby through the doctrine of Respondeat Superior and all applicable agency principles.

## FACTS

### Sunday November 23, 2014 - 12:30am

13. All preceding paragraphs are incorporated as if fully re-written herein.

14. On or about Sunday November 23, 2014 at approximately 12:30am Defendants were dispatched to the area of Adkins Road in Willoughby, Ohio after a resident witnessed a male physically assaulting a female in the street.

15. The caller reported that a female was yelling "Get off me."

16. The female was later identified as decedent Nicole M. Devine and the male was later identified as Domenic A. Julian.

17. Defendants would later recall in the official police report "it was obvious" that Julian had attacked Nicole.

18. Defendants saw Nicole with blood on her face and in the area of her mouth and nose.

19. Defendants ordered Domenic A. Julian to place his hands on the hood of the patrol car.

20. Nicole told Defendants she had been struck by Julian and needed to go home.

21. Julian told Defendants he had an argument with Nicole and that they were walking home.

22. Defendants questioned Julian about the blood on Nicole's face.

23. Defendants searched Julian and found marijuana and a knife on him.

24. Defendants placed Julian in the rear seat of the police car.

25. Defendants asked Nicole about what happened to her and she was tight-lipped about it, as she repeated her request to go home.

26. Defendants spoke with a resident who told them Julian had attacked Nicole.

27. Defendants asked Nicole if she wanted to go to her father's house.

28. Defendants placed Nicole and Julian together in the back of the patrol car and drove both of them to their residence.

29. During the drive to their house, Defendants were told Nicole seemed scared.

30. As Nicole got out of the car, Defendants asked if she was ok.

31. Nicole went inside the residence while Defendants issued a citation to Domenic A. Julian for possession of marijuana.

32. Defendants left Nicole with Julian at the house.

**Sunday November 23, 2014 – 8:44am**

33. On Sunday November 23, 2014 at 8:44am, Nicole was found dead in the home she shared with Julian by Willoughby Patrol Officers and Fire Paramedics.

34. She had numerous bruises and swelling on the right side of her face, bruising on her eyes, and blood in her nose and mouth.

35. The autopsy revealed that Nicole suffered blunt force trauma to the entire head region including bleeding on the brain below the surface of the skull, which caused her death.

36. Julian was arrested by the Willoughby Police Department and read his Miranda rights.

37. During interviews with police, he admitted to attacking Nicole shortly after Defendants dropped them off at home together.

38. Domenic A. Julian was charged with death of Nicole M. Devine and ultimately pled guilty. He was sentenced to life in prison.

39. In light of the above, Plaintiff brings this action with the following counts:

## COUNT I

### (State-Created-Danger Doctrine / 42 U.S.C. § 1983)

40. All preceding paragraphs are incorporated as if fully re-written herein.

41. As a direct and proximate result of Defendants' affirmative acts, as aforesaid, Defendants created and/or increased the risk that the decedent Nicole M. Devine would be exposed to an act of violence by a third party, to wit: Defendants affirmatively delivered the decedent to, and placed her alone with, her murderer, Domenic A. Julian.

42. Defendants' actions as aforesaid constituted a special danger to the decedent, Nicole M. Devine, placing her specifically at risk, as distinguished from the public at large, to wit: Defendants affirmatively delivered the decedent to, and placed her alone with, her murderer Domenic A. Julian after he had been witnessed physically assaulting her and found in possession of a knife.

6

43. By leaving Nicole in the presence of her attacker and not arresting him, Defendants knew or should have known that their actions specifically endangered Nicole, to wit: Domenic A. Julian had an extensive criminal past, including prior conviction(s) for aggravated assault and/or domestic violence.

44. Defendants reported in official police documents that Nicole had blood on her face, was afraid, and seemed tight-lipped about the "obvious" attack she experienced.

45. Still, Defendants decided not to arrest Julian, opting instead to drive Nicole and her attacker back to their home.

46. Nicole was discovered dead within hours of being dropped-off by Defendants, suffering blunt force trauma to the head by Julian.

47. Defendants' actions constituted a callous indifference toward the decedent Nicole M. Devine's rights, which substantially increased the risk of serious harm to her.

48. As a direct and proximate result of Defendants' conduct, as described above, the decedent Nicole M. Devine was murdered by Domenic A. Julian.

## COUNT II

### (Wrongful Death)

49. All preceding paragraphs are incorporated as if fully re-written herein.

50. As a direct and proximate result of the reckless, wanton, and/or willful conduct of Defendants, as aforesaid, Nicole M. Devine died.

51. The beneficiaries and other next of kin of Nicole M. Devine have suffered damages for the loss of her services including loss of society, expected earning capacity, economic loss, loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, and counsel. Ms. Devine's next of kin at the time of her

7

death also suffered damages for their mental anguish and suffering as a result of her death.

52. As a direct and proximate result of the reckless, wanton, or willful conduct of Defendants, Ms. Devine and/or her estate and/or her next of kin incurred funeral and burial expenses.

53. As a direct and proximate result of the reckless, wanton, or willful conduct of Defendants, Ms. Devine's next of kin lost the society of Ms. Devine, including her companionship, consortium, care, assistance, attention, protection, advice, guidance, and counsel.

54. As a direct and proximate result of the reckless, wanton, or willful conduct of Defendants, Ms. Devine's next of kin suffered extreme and severe mental anguish.

## COUNT III

### (Reckless Wanton, or Willful Conduct / R.C. § 2921.52)

55. All preceding paragraphs are incorporated as if fully re-written herein.

56. By acting in the manner described above, Defendants wantonly and willfully committed reckless violations of the law, including but not limited to ignoring evidence of Domenic A. Julian's physical attack on the deceased Nicole M. Devine and delivering her to her attacker when they knew or had reason to believe that she was being victimized by him and violence was imminent and/or likely.

57. All Defendants had knowledge of the risk of danger that Domenic A. Julian posed to the decedent Nicole M. Devine.

58. In wanton and willful disregard for the laws of the State of Ohio and in wanton and willful disregard for the training that Defendants received in their capacity as law enforcement employees for the City of Willoughby, Defendants created and/or

8

perpetuated the danger of violence to the decedent Nicole M. Devine at the hands Domenic A. Julian.

59. By acting in the manner described above, Defendants breached their duty to the decedent Nicole M. Devine to follow and obey Ohio law and/or adhere to nationally recognized police practices and procedures.

60. As a proximate result of Defendants' wanton, willful, reckless and/or malicious disregard for the rights of the decedent as aforesaid, Plaintiff was damaged as detailed below in the damages section of this Complaint.

## COUNT IV

### (Supervisory Liability)

61. All preceding paragraphs are incorporated as if fully re-written herein.

62. Defendant Ashton and/or Pitts and/or John Does 1-10 were the direct supervisors of Defendants Sevel, Burrington, and Krejsha and had supervisory authority over members of the Willoughby Police Department.

63. At all times relevant to this action, Defendant Ashton and/or Pitts and/or John Does 1-10 knew or reasonably should have known of and/or participated in, and/or condoned, and/or ratified: a toleration of domestic violence; condoning and/or tolerating incomplete criminal investigations into violent crimes; failing to train officers to properly investigate violent crimes including domestic violence and/or assault; officers not properly securing victims of violent crimes and/or domestic violence; officers placing victims of crimes in positions of danger; failing to properly train officers to ensure the safety of crime victims.

64. Defendants Ashton and/or Pitts and/or John Does 1-10 knew or reasonably should have known that these acts and/or failures to act of the Defendants

9

would likely cause Defendants to inflict the constitutional injury that befell Plaintiff and/or the decedent, to wit: the decedent Nicole M. Devine was the victim of a violent crime and Defendants affirmatively placed her in a position of imminent danger and/or imminent risk of death after failing to conduct a proper criminal investigation and delivering her to her attacker.

65. Defendants Ashton and/or Pitts and/or John Does 1-10 had a duty and/or were required by his/their training to take action and/or otherwise prevent Defendants from engaging in the above-stated conduct.

66. Despite his/their knowledge of the Defendant officers' misconduct, as stated above, Defendants Ashton and/or Pitts and/or John Does 1-10 took no action, failed to impose reasonable discipline, failed to properly train, failed to follow chain of command, failed to document the instances of misconduct, and/or otherwise abandoned his/their supervisory duties.

67. As a result of his/their failures and/or abandonment of his/their supervisory duties, as stated above, Defendant Ashton and/or Pitts and/or John Does 1-10 created an environment that condoned misconduct and/or perpetuated and/or facilitated and/or aided Defendants in causing Plaintiff's damages.

68. Defendants Ashton and/or Pitts and/or John Does 1-10 engaged in acts and omissions that were the product of reckless or callous indifference to Plaintiff's constitutional rights.

69. By their acts and failures to act, as stated above, Defendants Ashton and/or Pitts and/or John Does 1-10, in fact, caused Plaintiff's constitutional deprivation, to wit: failing to properly train, oversee, and/or discipline the aforesaid Defendants;

10

affirmatively placing Nicole in a position of imminent danger and/or imminent risk of death after failing to adhere to nationally recognized police policies and procedure.

70. As a consequence of Defendants actions as aforesaid, Plaintiff was damaged as detailed in the Damages section of this Complaint.

## COUNT V

### (Municipal Liability)

71. By and through the above-referenced Defendants, Defendant City of Willoughby has implemented and/or executed an officially adopted and promulgated a policy of toleration of failing to properly train officers to handle attacks on women, including but not limited to: failing to properly train officers to ensure the safety of crime victims; officers not properly securing victims of violent crimes and/or domestic violence; and/or officers placing victims of crime in positions of danger.

72. The conduct and/or failures to act of Defendants shocks the conscience and created an unstated policy of toleration of improper handling of attacks on women and/or crime victims as aforesaid.

73. This aforementioned policy was promulgated by Defendants including but not limited to Defendant Ashton and John Does 1-10, whose acts or edicts represent official policy.

74. Defendant City of Willoughby has thus adopted a governmental custom of toleration of attacks on women and/or failing to properly train officers to investigate attacks on women and/or violent crimes including domestic violence and/or assault.

## DAMAGES

75. All preceding paragraphs are incorporated as if fully re-written herein.

11

76. As a direct and proximate result of Defendants' actions, as set forth in the preceding paragraphs above, the decedent Nicole M. Devine was damaged prior to her death, including: extreme pain and physical suffering including, but not limited to, disfigurement and mental anguish up until the time of her death.

77. As a direct and proximate result of Defendants' actions, as set forth in the preceding paragraphs above, Plaintiff Dean A. Devine and the decedent's next of kin have been damaged, including but not limited to: intense mental pain, anguish, feelings of powerlessness, depression, mental and emotional distress, extreme fear, anxiety, loss of companionship, society, consortium, care, assistance, and attention, as well as legal fees.

## PRAYER FOR RELIEF

78. All preceding paragraphs are incorporated as if fully re-written herein.

**WHEREFORE**, Plaintiff Dean A. Devine, as Administrator of the Estate of Nicole M. Devine (deceased), demands damages against Defendants as follows:

A judgement in favor of Plaintiff Dean A. Devine, as Administrator of the Estate of Nicole M. Devine, and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and that will fully, fairly, and justly compensate the Estate of Nicole M. Devine for all of her injuries and damages; and against Defendants in an additional amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and which will fully, fairly, and justly compensate the decedent's next of kin for their wrongful death and loss of consortium damages and costs which they suffered as the direct and proximate result of decedent's death; and

    A. An award of both pre-judgment and post-judgment interest;

12

B. Compensatory and consequential damages in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

C. Equitable relief, including, without limitation, that Defendant City of Willoughby be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

D. A judicial declaration and order requiring Defendants to provide proper training and/or to implement policies regarding the investigation of violent crimes and/or the treatment of crime victims.

E. Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

F. Any further relief which the Court determines that the Estate of Nicole M. Devine or Nicole M. Devine's next of kin are entitled, at law or in equity.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues in the within matter.

Respectfully submitted,

*/s/ Robert F. DiCello*

**Robert F. DiCello** (0072020)
**Justin J. Hawal** (0092294)
THE DICELLO LAW FIRM
7556 Mentor Avenue
Mentor, OH 44060
P: 440-953-8888
F: 440-953-9138
rfdicello@dicellolaw.com
jhawal@dicellolaw.com
*Attorney for Plaintiff*


**Joseph A. Delguyd, Esq.** (0030630)
JOSEPH A. DELGUYD CO LPA
600 East Granger Road
Cleveland OH 44131
P: 216 502 0588
F: 216 736 7136
jdelguyd@hotmail.com
*Attorney for Plaintiff*

14

FILED

# PROBATE COURT OF LAKE COUNTY, OHIO
## MARK J. BARTOLOTTA, JUDGE

2016 NOV 16 PM 1 27

JUDGE MARK J. BARTOLOTTA
PROBATE COURT
LAKE COUNTY, OHIO

Estate Of: **NICOLE MARIE DEVINE**, Deceased
Case No: **16 ES 0585**

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

[For Executors and all Administrators]

Name and Title of Fiduciary: **DEAN A DEVINE, ADMINISTRATOR**

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate the Court finds that: Decedent died (check one of the following)- ☐ testate X intestate – on **11/23/2014**, domiciled in **WILLOUGHBY, OH.**

(Check one of the following) - ☐ Bond is dispensed with by the Will - X Bond is dispensed with by law - ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust. The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

_____11/16/16_____
Date

_____
MARK J. BARTOLOTTA, Probate Judge

## CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

**MARK J. BARTOLOTTA**
Probate Judge

_____
Deputy Clerk
11-16-16
Date

(Seal)

Form 4.5 - ENTRY APPOINTING FIDUCIARY; LETTER OF AUTHORITY

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, **LAKE COUNTY LOCAL COURT RULES** require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website

at

www.lakecountyohio.gov/coc

**Select DOWNLOADS**

**Scroll to PRE-TRIAL ORDERS**

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders